**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EFRAIN VALADEZ DE LA CRUZ,

                Petitioner,

                v.

RACHEL THOMPSON, WARDEN,

                Respondent.

Civil Action No. 24-5635 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Efrain Valadez De La Cruz pursuant to 28 U.S.C. § 2241. (ECF No. 1). The Government filed a response to the petition (ECF No. 9), to which Petitioner did not reply. (ECF Docket Sheet.) For the following reasons, Petitioner's habeas petition is denied.

## I.   BACKGROUND

Petitioner is a convicted federal prisoner currently serving a 182-month sentence at FCI Fort Dix for drug charges. (ECF No. 1 at 1; ECF No. 9-1 at 2.) In his habeas petition, Petitioner contends that he was illegally deprived of credits he earned under the First Step Act based on his receipt of an "illegally reinstated" order of removal. (ECF No. 1 at 6.) Petitioner's argument refers to the fact that he was previously removed from the United States pursuant to a final order of removal in August 2007. (*See* ECF No. 9-3.) Petitioner thereafter illegally re-entered the United States prior to the date of his current offense. (*Id.*) On September 18, 2023, immigration officials

reinstated that order of removal and served notice of the reinstatement upon Petitioner in prison. (*Id.*)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.     DISCUSSION

In his current petition, Petitioner argues that he was improperly deprived of good time credits under the First Step Act following the reinstatement of his removal order in September 2023. Under the First Step Act, federal prisoners who meet certain criteria, including engaging in recidivism reduction programs, are entitled to earn a number of good conduct credits, to a maximum of 365 days' worth, to be applied towards early supervised release. *See* 18 U.S.C. § 3632(d)(4). Under the statute, however, aliens who are 'the subject of a final order of removal under any provision of the immigration laws" of the United States are "ineligible to apply time credits" towards early release. 18 U.S.C. § 3632(d)(4)(E)(i). The statute therefore states that the Attorney General "shall ensure that" certain classes of aliens subject to removal proceedings who might seek to earn and apply credits be subject to removal proceedings "at a date as early as practicable during the prisoner's incarceration." 18 U.S.C. § 3632(d)(4)(E)(ii). Because a reinstated order of removal does not require further procedures before an immigration court, however, it is exempt from this requirement. *See* § 3632(d)(4)(E)(ii). The First Step Act, then,

clearly indicates that an alien who becomes subject to a final order of removal becomes ineligible to apply any earned good time credits towards early supervised release.

Here, although Petitioner was previously permitted to earn credits under the Act, he was rendered ineligible to earn further credits or apply the credits he previously earned once he received a final order of removal, in this case his reinstated order of removal. The reinstatement of a prior order of removal is governed by 8 U.S.C. § 1231(a)(5). Under the statute, if "the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under [immigration laws], and the alien shall be removed under the prior order at any time after the reentry." § 1231(a)(5). Under the statute, then, Petitioner's order of removal is considered final as of its original date – i.e., when he was initially removed in 2007, and that order is not subject to being reopened or reviewed in further immigration proceedings. *Id.* In light of his reinstated order of removal, and the effective date of that order being treated as the date of the entry of Petitioner's previous order of removal, Petitioner is simply not entitled to apply his First Step Act credits. The FSA credits Petitioner earned were always contingent on his not receiving a final order of removal, and were rendered inapplicable automatically by the statute once he received his reinstated order of removal which is considered to be final from the 2007 date of his original removal order.

Petitioner seeks to avoid this conclusion by arguing that the reinstatement of his removal order was "illegal"[1] and is not final as he did not have any opportunity to challenge it before an

---

[1] Aside from his claim that he should have the procedural ability to challenge the reinstated order in immigration court, which is belied by § 1231(a)(5), Petitioner's legality argument is essentially that the order isn't proper as the immigration official who reinstated it certified that Petitioner reentered illegally at an unknown time and place, which Petitioner believes doesn't meet the

immigration judge. As previously explained, however, Petitioner is not entitled to have this Court review, reopen, or invalidate his reinstated removal order. 8 U.S.C. § 1231(a)(5). Indeed, this Court is without *any* jurisdiction to review a final order of removal, reinstated or otherwise, through a habeas petition. *See* 8 U.S.C. § 1252(a)(5) (a "petition for review with [the] appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal" notwithstanding the federal habeas statute). Thus, this Court is without jurisdiction to review the legality of Petitioner's reinstated order of removal, and cannot consider his challenge to its legitimacy. The only means for review of such an order is a petition for review with the appropriate court of appeals. *See, e.g., Verde-Rodriguez v. Atty' Gen.*, 734 F.3d 198, 206-07 (3d Cir. 2013). As such, this Court is left with but a single conclusion – Petitioner is subject to an administratively final order of removal which this Court has no jurisdiction to review which was reinstated last year, and is therefore legally ineligible to apply any and all FSA credits he previously earned towards early supervised release as a result. The BOP's rendering Petitioner ineligible to apply his credits was thus not improper but was instead mandatory under the First Step Act. Petitioner's habeas petition is therefore denied.

---

requirement that Petitioner re-entered illegally. Petitioner's argument assumes that the officer's lack of knowledge of his exact entry means prevents him from knowing the re-entry was unlawful. It is entirely possible for an officer to know a re-entry was unlawful even if he does not know when or how it took place – such as where lawful re-entry is explicitly impossible because of the prior order of removal. Petitioner's challenge thus appears to be based on a faulty assumption. As this Court has no jurisdiction to consider the challenge for the reasons stated above, however, the Court need not address the issue further.

## IV.    <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 1) is

**DENIED**.  An order consistent with this Opinion will be entered.


Hon. Karen M. Williams,
United States District Judge